# AKIN LAW GROUP PLLC

**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel.  (212) 825-1400    Fax.  (212) 825-1440

ZAFER A. AKIN                                                                                          GULSAH SENOL
LEPOLD RAIC                                                                                            SIMI BHUTANI
ROBERT D. SALAMAN
-------------------------------                                                                        -------------------------------------

<u>**Via ECF**</u>

November 13, 2020

Honorable Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      **Re:**    *Louise Brinskelle v. Diacron USA, LLC, et al.*
              Case No. 20-CV-61316 (PAE) (DCF)

Dear Judge Freeman:

      We represent the Plaintiff Louise Brinskelle ("Brinskelle" or "Plaintiff") in the above-referenced matter.  We write on behalf of all Parties to inform the Court that a settlement has been reached between Plaintiff and Defendants as provided in the Proposed Settlement Agreement (Exhibit A); however, Diacron USA LLC's cross-claims against Andreas Anrather shall survive this settlement. In this regard, we respectfully now seek Your Honor's approval of the attached Proposed Settlement Agreement.

      The Parties have concluded that the Proposed Settlement Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests.  For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that the Court enter an Order approving the Settlement Agreement as fair and reasonable.

      **I.**      **The Proposed Settlement Agreement Is Fair and Reasonable**

      In order for the parties Proposed Settlement Agreement to take effect, the Court must scrutinize and approve the Agreement.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 2015 U.S. App. LEXIS 13815 (2d Cir. 2015).  The Court should approve the Settlement, so long as it "reflects a reasonable compromise of disputed issues [rather] than mere waiver of statutory rights brought about by an employer's overreaching."  *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also *Kopera v. Home Depot USA, Inc.,* No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved."). Relevant factors include: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is

# AKIN LAW GROUP PLLC

45 BROADWAY
SUITE 1420
NEW YORK, NEW YORK 10006
Tel. (212) 825-1400    Fax.  (212) 825-1440

the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Beckert v. Roniburov*, 2015 WL 8773460, at *1 (S.D.N.Y. 2015) quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

In this action, Plaintiff, a former employee of Defendants' alleges that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay her any wages from September 2019 until the end of her employment on December 5, 2019.  We calculated that Plaintiff is owed $12,718.00 in unpaid wages, an additional $12,718.00 in liquidated damages, and $15,000.00 in statutory damages for the failure to provide a wage notice, improper wage statements and for the fraudulent filing of information returns.

The parties agreed to resolve the case, for which we are now seeking judicial approval, for $40,000.00.

Given the risks for both sides in the litigation, the Proposed Agreement awarding the Plaintiff the total sum of $40,000.00 is fair and reasonable for a number of reasons.  First, the Settlement Agreement is a fair financial compromise given that the owed wages and Plaintiff's attorneys fees are relatively modest at this stage.  Second, the Settlement Agreement will spare the parties the expense of conducting a trial.  Third, the Settlement Agreement provides the Plaintiff with an immediate recovery, as opposed to a delayed recovery, a paper judgment or none at all.  Fourth, the Settlement Agreement allows the parties to avoid the litigation risks set forth above.  Fifth, the Settlement Agreement is the result of a hard-fought, arm's-length bargaining between experienced counsel.  The parties' attorneys focus on litigating wage and hour cases, such as this one, and negotiated the settlement over the course of an extended mediation session.  Finally, as evidenced by the arm's-length negotiation, there was no fraud or collusion.

## II.     The Attorney's Fees Are Fair and Reasonable

Under the settlement, the settling Plaintiff's counsel, Akin Law Group PLLC, receives $13,938.33 for its attorney's fees and costs.  Costs are $605.00 for filing the complaint and service.  Leopold Raic and I am the two attorneys at Akin Law Group PLLC who worked on Plaintiff's file.  Mr. Raic is an attorney in good standing with the New York State Bar (admitted in 2001), and the Southern and Eastern District Courts of New York (admitted in 2015).  He has worked extensively in the field of employment litigation (including wage and hour), in both state and federal courts, on the plaintiff side.  Mr. Raic has an unblemished record practicing law for almost 20 years.  His rate is $300.00 per hour.

I am an attorney in good standing with the New York State and New Jersey State Bars (admitted in 2013), the District Court of New Jersey and the Southern and Eastern District Courts of New York (admitted in 2013).  I became a full time associate attorney at Akin Law Group upon admission to the New York and New Jersey State Bars in 2013, and was promoted to Partner in 2020.  I have worked extensively in the field of employment litigation (including wage and hour), in both state and federal courts, on both the plaintiff and management side.  My

# AKIN LAW GROUP PLLC

**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel. (212) 825-1400    Fax.  (212) 825-1440

accolades were recognized by Super Lawyers / New York Metro, which named me a Rising Star from 2015 to 2020.  My rate is $300.00 per hour.

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the Court must also assess the reasonableness of the fee award."  *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012).  As the *Wolinsky* court explained:

> In an individual FLSA action where the parties settled on the fee through negotiation, there is a greater range of reasonableness for approving attorney's fees.  Nevertheless, even in such cases, the Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that the interest of plaintiff's counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients.

*Id.* (internal citations and quotations omitted).

Here, based on the exchange of party information, settlement negotiations and the litigation risks, the Court can reasonably infer that the Plaintiff's recovery has not been adversely affected by counsel's interest in its own compensation.  In addition, the costs and fees requested are in accordance with the Plaintiff's engagement agreement with counsel, which provided that counsel would receive his reasonable attorney's fees and be reimbursed for costs incurred.

The attorney's fees and costs amount of $13,938.33 is reasonable under the lodestar approach which courts typically apply in FLSA cases.  *See e.g. Gomez, supra,* 2014 U.S. Dist. LEXIS 45580, at *28.  Assuming that the Court's "authority to reduce a statutory fee award by reason of the plaintiffs' 'partial or limited success'" applies in cases like this one where the fee amount has already been settled. *Cf. Picerni v. Bilingual Selt & Preschool, Inc.,* 925 F.Supp.2d 368, 37, n.37 (E.D.N.Y. 2013) (noting uncertainty as to "whether the court can or should determine the reasonableness of the fee claimed by plaintiff's attorney, and if it undertakes such a determination, what is the applicable standard"), no such reduction is warranted here.

Indeed, the agreed amount of $13,938.33 is already lower than the approximately $15,000.00 indicated on Plaintiff's counsel's billing records (attached as Exhibit B).  Courts have held that a standard one-third settlement for attorney's fees is "consistent with the trend in this Circuit."  *Kochilas v. National Merchant Servs., Inc.*, 2015 WL 5821631, at *8 (E.D.N.Y. 2015); *Nojera v. Royal Bedding Co., LLC*, 2015 WL 3540719 at *3 (E.D.N.Y. 2015) (noting that one-third contingency fees "are commonly accepted in the Second Circuit in FLSA cases").  **In this case, the attorney's fees Plaintiff's counsel is recovering is 33% of the Plaintiff's recovery.**

Given Plaintiff's counsel's significant experience representing plaintiffs in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the Parties' cooperative exchange of information and frequent negotiations.  Accordingly, the time spent by Plaintiff's counsel on this case was reasonable.

# AKIN LAW GROUP PLLC

**45 BROADWAY**
**SUITE 1420**
**NEW YORK, NEW YORK 10006**
Tel. (212) 825-1400    Fax. (212) 825-1440

Accordingly, we respectfully request that the Court approve the Settlement Agreement and dismiss this case with prejudice.  We thank Your Honor for your time and attention to this matter.

Very truly yours,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____
Robert D. Salaman

cc:   Christopher Leddy
      *Attorneys for Defendants*
      (via ECF)

4