UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOUISE BRINSKELLE,

                      Plaintiffs,

      -against-

DIACRON USA, LLC., *et al.*,

                      Defendants.

20cv00316 (DF)

**ORDER OF DISMISSAL**

**DEBRA FREEMAN, United States Magistrate Judge:**

        In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before the Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). The parties have also submitted two letters to the Court – first, a letter dated November 13, 2020 (Dkt. 18), explaining why they believe the proposed settlement agreement is fair, reasonable, and adequate, and, second, following a conference held by the Court at which it raised certain concerns about the parties' initial proposal, a letter dated December 9, 2020 (Dkt. 20), confirming (1) that the parties have agreed that the proposed settlement agreement can be modified by the Court's striking of the confidentiality provision contained therein, (2) that the parties wish to request that the Court retain jurisdiction for purposes of enforcing the settlement agreement, if necessary, and (3) that, if the Court were to approve the settlement of Plaintiff's claims, then appearing defendants Diacron USA, LLC ("Diacron"), Ludovico Bongini ("Bongini"), and Richard Nava ("Nava") would consent to the dismissal without prejudice of the cross-claims asserted by Diacron against non-appearing co-defendant Andreas Anrather ("Anrather") (the

"Cross-Claims"), for lack of subject matter jurisdiction. The Court has reviewed the parties' submissions in order to determine whether the proposed agreement (Dkt. 18-1), as modified by the parties' subsequent letter, represents a reasonable compromise of the claims and counterclaims asserted in this action, and, in light of the totality of the relevant circumstances, including the representations made in the parties' letters, the terms of the proposed modified settlement agreement, and the Court's general familiarity with this action and its procedural history, it is hereby ORDERED that:

1. The Court finds that the terms of the proposed settlement agreement, as modified by the Court, with the parties' consent, to strike the confidentiality provision contained in paragraph 8 of the agreement (*see* Dkt. 20; Dkt. 18-1), are fair, reasonable, and adequate, both to redress Plaintiff's claims in this action and to compensate Plaintiff's counsel for their legal fees, and the agreement is therefore approved.

2. As the parties have now requested that the Court retain jurisdiction over this action for purposes of enforcement of the agreement (*see* Dkt. 20), and so as to effectuate the parties' intent, this Court will retain jurisdiction over this matter for the purpose of enforcing the settlement agreement.

3. As a result of the Court's approval of the parties' executed settlement agreement, Plaintiff's claims in this action, as well as any asserted counterclaims, are hereby discontinued with prejudice and without costs or fees to any party. The Court declines to retain supplemental jurisdiction over the Cross-Claims that have been asserted by defendant Diacron against co-defendant Anrather, and the Cross-Claims are therefore dismissed without prejudice. Given

that all claims asserted herein are dismissed, the Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
      December 29, 2020

                                      SO ORDERED

                                      _____
                                      DEBRA FREEMAN
                                      United States Magistrate Judge

Copies to:

All counsel (via ECF)

3